Filed 9/12/25  Estate of Harshine CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| Estate of JIMMIE HARSHINE, Deceased. | C098713 |
| LINDA LOPEZ et al.,<br><br>            Petitioners and Respondents,<br><br>      v.<br><br>JOYCE TRUTTMAN,<br><br>            Objector and Appellant. | (Super. Ct. Nos.<br>SCSC-CVPB-2015-1308,<br>SCSC-CVPB-2015-1535) |

The trial court removed appellant Joyce Truttman as administrator of an estate at the request of respondents Linda Lopez and Patricia Peterson.  On appeal, appellant contends the trial court erred because respondents did not have standing to petition for her removal and the trial court's removal hearing was inadequate.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Jimmie Harshine died in October 2015 leaving in his estate "a large residential parcel in a rural area of Siskiyou County."  Lopez was appointed special administrator of

1

the estate in December 2015 and appellant was appointed administrator in 2017. Appellant filed a motion to surcharge Lopez and in August 2018, the trial court held a contested hearing with testimony and evidence on Lopez's management of the estate. The trial court ultimately ruled Lopez "acted reasonably and in good faith, using ordinary care and diligence," finding "equity require[d] that [Lopez] be therefore excused in whole from liability for damages to the estate." The court awarded Lopez, pursuant to Probate Code[1] section 8547, her "compensation and costs as special administrator" and "her attorneys fees and costs incurred," and exonerated Lopez's bond. Appellant appealed the order and we affirmed. (*Estate of Harshine* (May 26, 2021, C088839) [nonpub. opn.].) After the appeal, the trial court held a hearing to determine the amount of fees owed and ordered administrator fees paid to Lopez, attorneys fees to the estate of Lopez's former attorney Todd Peterson (for which respondent Peterson served as executor), fees to other attorneys who worked for Lopez on the case, and fees to the attorney for the bond insurance company.

On March 2, 2023, respondents and the other attorneys owed fees from the trial court's order (petitioners) petitioned for suspension of powers and removal of appellant as personal representative of the Harshine estate "all together as creditors of the [e]state of Jimmie Harshine." The petition alleged appellant filed for bankruptcy requesting the debts "ordered [to be] paid by the [e]state[] be discharged in her personal bankruptcy action," and alleged the trustee of appellant's bankruptcy said appellant "may not serve as [administrator] of this [e]state during the pendency of her bankruptcy proceedings, as she is both [administrator] and beneficiary." The petition further alleged appellant removed, rented, and sold estate property without proper accounting, and "attempted to close the [e]state and distribute the assets to [appellant] without payment of these debts or notice to

---

[1]     Further undesignated section references are to the Probate Code.

2

the creditors." The petitioners proposed as a remedy that Peterson serve as "[a]dministrator with [w]ill [a]nnexed." Appellant filed a response challenging her removal by asserting the debts owed to petitioners had been discharged by the bankruptcy court.[2]

According to a minute order dated April 20, 2023, the trial court held a hearing with petitioners' attorney, the bankruptcy trustee's attorney, appellant's attorney, and appellant present. The minutes note "[a]ll notices ha[d] been given as required by law," appellant was "appearing in opposition," the "[p]etition [wa]s granted," and "Peterson [wa]s appointed as administrator with will annexed." The trial court's signed order, filed April 20, 2023, provided, "After hearing the petition and hearing the evidence, the court finds that all notices of the hearing have been given as required by law, that [the] allegations of the petition are true, and that good cause exists, namely that the [administrator] has neglected, wasted, and mismanaged estate assets, failed to perform her duties as [administrator], committed fraud against the estate, and that her personal [b]ankruptcy action has disqualified her from serving as [administrator] of this [e]state, and therefore the [p]etition is granted."

Appellant appeals this order.

DISCUSSION

Appellant challenges the trial court granting the petition to remove her as administrator of the Harshine estate. We first start with a brief discussion about appellant's burden. "We presume [the trial court's] ruling is correct, and [appellants] have the burden of showing error on appeal." (*Carmichael v. Café Sevilla of Riverside,*

---

[2] Respondents requested judicial notice of various orders and documents from the bankruptcy court proceeding. We grant the request for the first document, "Order Granting Relief From the Automatic Stay, issued on January 10, 2023," but deny the request for the other documents as not relevant to the resolution of this appeal.

3

*Inc.* (2025) 108 Cal.App.5th 292, 297.)  Appellants must make sufficient arguments to establish trial court error, "[w]e will not develop [appellants'] argument[s] for them." (*Ibid*.)

Appellant's briefs here are convoluted, include many legal citations without analysis, have missing or inaccurate citations to the record, and lack coherent structure or headings clearly outlining her arguments on appeal.  (See Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate briefs must "[s]tate each point under a separate heading or subheading summarizing the point"].)  There are also statements contradicted by the record, as will be discussed below.  (See Cal. Rules of Court, rule 8.204(a)(2)(C) [appellate briefs must "[p]rovide a summary of the significant facts limited to matters in the record"].)  Courts hold all litigants to the same standards, even self-represented litigants.  (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)  But the shortcomings here are especially concerning considering these briefs were prepared by counsel.

With these issues noted, we can discern two arguments appellant asserts on appeal:  (1) Respondents did not have standing to petition for appellant's removal because they do not "have any property right or claim against the Harshine [e]state," and (2) the trial court "abused [its] discretion by not allowing a hearing."  We will address each of these arguments in turn and conclude appellant has not carried her burden to establish reversible error.

I

*Appellant Has Not Established Respondents Lacked Standing*

Appellant argues respondents do not meet the definition for an "[i]nterested [p]erson" with standing to petition for removal, and specifically are not creditors because they did not "file any claim in [a]ppellant's bankruptcy" and "do not have any property right or claim against the Harshine [e]state."  We disagree.

4

Section 8500, subdivision (a) states:  "Any interested person may petition for removal of the personal representative."  " '[I]nterested person' " includes:  "An heir, devisee, child, spouse, *creditor*, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent [that] may be affected by the proceeding."  (§ 48, subd. (a)(1), italics added.)

The trial court ordered under section 8547 that the estate pay Lopez's administrator fee and the attorneys fees for appellant's surcharge motion, an order we affirmed.  (See *Estate of Harshine*, *supra*, C088839.)  There is no evidence in the record these fees have been paid.  Respondents are therefore creditors of the estate, providing them standing to petition as interested persons under section 8500.  Appellant presents no authority or evidence the fee orders applied to her personally.  Appellant also provides no authority for the position her personal bankruptcy could discharge the estate's debts. (See *In re Mellem* (Bankr. 9th Cir. 2021) 625 B.R. 172, 182 ["In each case, the extent [of] the discharge is limited to 'personal liability of the debtor' " (boldface omitted)].) Appellant has therefore not carried her burden of proving error on this point.

Appellant also makes statements to support her argument that are inconsistent with the record.  She asserts multiple times there was "[n]o such [o]rder" awarding fees to respondents from the estate to make them interested parties and they are instead " 'discharged creditors.' "  There are at least three orders relating to the estate's debts owed to respondents—the original trial court order, our opinion affirming this order, and the trial court's order on remand fixing the amount of fees.  Relatedly, appellant claims it "is a false statement" the bankruptcy court ruled "[r]espondents['] [d]ebts were not discharged because [t]hey were not personal to [a]ppellant [b]ut of the Harshine [e]state." The bankruptcy court's order stated petitioners "are creditors of the [p]robate [e]state" who sought relief from the automatic stay to file a petition to remove appellant as administrator.  The bankruptcy court "reject[ed] [appellant's] suggestion that the proposed action to remove her as [administrator] . . . [wa]s barred by her discharge"

5

because " 'the discharge is limited to "personal liability of the debtor," ' " so the petition to remove appellant "d[id] not implicate" the discharge. Without taking these statements for the truth asserted, they plainly contradict appellant's assertions. At best appellant's statements exhibit a fundamental misunderstanding of the probate and bankruptcy proceedings; at worst they are misleading. Regardless, they do not establish any error.

II

*Appellant Has Not Established An Insufficient Hearing*

The next argument we can discern from appellant's briefs is a challenge to the sufficiency of the hearing the trial court held in removing appellant as administrator. Appellant contends, "If there was a hearing [a]ppellant could have refuted the [r]espondents' allegations" that they are interested parties as estate creditors. Appellant has not carried her burden of establishing error.

Section 8500 states: "Any interested person may appear at the hearing and file a written declaration showing that the personal representative should be removed or retained. . . . [¶] The issues shall be heard and determined by the court. If the court is satisfied from the evidence that the citation has been duly served and cause for removal exists, the court shall remove the personal representative from office." (§ 8500, subds. (c), (d).) "Before an executor [or administrator] is removed he, [she, or they] must be accorded a hearing and the court must have some fact legally before it in order to justify removal. The facts relied on for removal must be established by evidence, and any proper evidence [that] tends to establish or refute the charges relied on is admissible." (*Estate of Buchman* (1954) 123 Cal.App.2d 546, 559.)

Appellant has not presented sufficient argument or support to establish the trial court's hearing was insufficient. The minutes in the record show the trial court held a hearing, "[a]ll notices [were] given as required by law," and appellant was "appearing in opposition." The order appellant challenges on appeal states the court found the allegations true "[a]fter hearing the petition and hearing the evidence." This appears to

6

satisfy the requirements appellant argues were lacking and appellant has not provided any argument or citation to the record undermining the validity of this hearing.  Error is appellant's burden to establish, and she has failed to do so.

DISPOSITION

The order of the trial court is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(4).)


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
BOULWARE EURIE, J.


/s/_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.